𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

SENSENY'S ADMINISTRATOR  V.  BOYD'S ADMINISTRATOR.

November 21, 1912.

1.  LIMITATION OF ACTIONS—*Receivers—Settled Account—Surcharging.*
     In the absence of fraud or mutual mistake, no suit to surcharge
     and falsify the account of a receiver, or to hold him or his
     sureties liable for any balance stated in his account to be in
     his hands, can be brought, except within ten years after the
     account has been confirmed, where it appears that he has
     settled his account, as required by the provisions of chapter 121
     of the Code.  The case is within the exception of section 2921
     of the Code.

Appeal from a decree of the Circuit Court of Frederick
county in which a petition was filed by the appellant.  De-
cree for the defendant.  Petitioner appeals.

*Affirmed.*

The opinion states the case.

*W. Roy Stephenson,* for the appellant.

*R. T. Barton,* for the appellee.

KEITH, P., delivered the opinion of the court.

This controversy originated in a petition filed by Sen-
seny's administrator in the chancery suit of *Senseny's
Executor* v. *Senseny's Devisees,* from which it appears that
E. Holmes Boyd, general receiver of the Circuit Court of
chancery cause styled *McKown* v. *McKown,* a bond for
Frederick county, held as such receiver to the credit of the

$969.77, in which W. A. Buck, A. A. McKay, J. H. McKay and P. F. Winsburrow were obligors; that on the 1st of March, 1896, he transferred $517.47 represented by this bond to the chancery suit of *Senseny's Executor* v. *Senseny's Devisees,* paying out to those entitled in *McKown* v. *McKown* the sum of $517.47 of the fund in his hands as receiver of the chancery suit of *Senseny's Executor* v. *Senseny's Devisees.* These facts were at once made known to the court by the general receiver, as appears from his report of March 1, 1896, and again reported in 1897, 1898, 1899 and 1900; and those reports were confirmed by the circuit court.

The petition of Senseny's administrator states that at the time of this transaction, the 1st of March, 1896, William A. Buck was notoriously insolvent, and that all the other obligors were dead and their estates insufficient to pay their debts; that these facts were known to the receiver; and that the investment of money in his hands as receiver in the Senseny suit in a bond known by him to be worthless constitutes in law a fraud upon petitioner, and that no statute of limitation can avail to bar petitioner's right.

Boyd's administrator, in answer to this petition, says that the accounts of Boyd, as the general receiver of the Circuit Court of Frederick county, having been settled and approved by the said circuit court more than ten years before the filing of either the original petition or of the amended and supplemental petition, the said accounts cannot now be surcharged and falsified upon any charge or pretense, nor can either the estate of E. Holmes Boyd, deceased, or the sureties on his bonds as general receiver be held liable for any claim asserted, or which may be proved upon a surcharging or falsification of the said accounts. He therefore prays and claims the benefit of the statute of limitations especially applicable in these respects, and also the benefit of the statute of limitations, which denies any right of action after five years after the right to bring the same shall have accrued.

We have examined the evidence in this case with great care, and have reached the conclusion that the general receiver, in the light of the facts shown in this record, did not act discreetly as receiver in the Senseny suit in transferring on the 1st of March, 1896, to the fund in that cause $517.47, represented by the Buck bond, but we are unable to say that the receiver was guilty of fraud in the transaction. Without going into a discussion of the evidence, we shall content ourselves with the observation that it is unthinkable that the receiver, who on the 1st of March, 1896, was, with respect to the funds under his control, in a position of complete safety, should knowingly have incurred a risk without the hope or possibility of personal benefit or profit from the transaction. His representative presents an array of figures, which, while they do not vindicate the wisdom of the transaction in question, tend strongly to repel any suggestion of fraud, and, taken in connection with the want of motive adverted to, satisfy us that the charge of fraud has not been established.

It is provided by section 2920 of the Code that "if the case be upon an indemnifying bond taken under any statute, or upon a bond of an executor, administrator, guardian, curator, committee, sheriff or sergeant, deputy sheriff or sergeant, clerk or deputy clerk, or any other fiduciary or public officer, or upon any other contract by writing under seal," the suit shall be brought within ten years.

By section 2921, which sets out when a right of action upon bonds of fiduciaries is deemed to first accrue, it is provided that "The right of action upon the bond of an executor, administrator, guardian, curator, or committee, or of a sheriff, or sergeant acting as such, shall be deemed to have first accrued as follows: * * * and as to any suit against such fiduciary himself, or his representative, which could have been maintained if he had given no bond, there shall be no other limitation than would exist if the

preceding section was not passed; except that where any such fiduciary has settled an account under the provisions of chapter one hundred and twenty-one, a suit to surcharge or falsify the same, or to hold such fiduciary or his sureties liable for any balance stated in such account to be in his hands, shall be brought within ten years after the account has been confirmed."

So that it seems that the case before us is within the exception of section 2921, and that the bar of the statute applies. Of course, if fraud had been established, the statute would only run from the time that the fraud was discovered, as appears from *Craufurd* v. *Smith,* 93 Va. 623, where it is said that "No lapse of time and no delay in bringing a suit, however long, will defeat the remedy in case of fraud or mutual mistake, provided the injured party, during such interval, was ignorant of the fraud or mistake, without fault on his part. The duty to commence proceedings can only arise upon discovery of the fraud or mistake."

The decree of the circuit court is, therefore, affirmed.

*Affirmed.*