## Wytheville

VIOLET M. J. NEWSOM v. R. E. L. WATKINS, ET AL.

June 10, 1937.

Present, All the Justices.

The opinion states the case.

*E. L. Beale*, for the appellant.

*John C. Parker, Jr.*, for the appellees.

GREGORY, J., delivered the opinion of the court.

On September 25, 1918, R. E. L. Watkins qualified as guardian of Violet Meritt Johnson, an infant, and on that date gave bond as such in the penalty of $6,000 with the Aetna Casualty and Surety Company, the appellee here, as surety.

The ward became of age September 3, 1924, and she is now Violet Meritt Johnson Newsom, the appellant here.

On April 10, 1935, more than ten years after she became of age, she instituted this suit to compel her guardian to render an accounting of the receipts and disbursements coming into his hands as guardian, and to compel him to turn over to her the sums due her. The Aetna Casualty and Surety Company, the surety on the guardian's bond, was made a defendant and a decree was asked against it by reason of its suretyship.

The bill of complaint was taken for confessed as to the guardian. The surety company filed a plea of the statute of limitation, in which it was averred that the suit was barred because the complainant had become 21 years of age on September 3, 1924, and this suit not having been instituted until April 10, 1935, more than ten years had intervened.

The cause was heard on the plea of the statute of limitation and the court below by its decree sustained it. The present appeal is from that decree.

The sole question before the court upon this appeal is whether the trial court was correct in the ruling that the suit as against the surety company was barred by the statute of limitation. The right of action against the guardian either upon his bond or otherwise is not involved here.

It was stipulated by counsel in open court that the appellant became 21 years of age on September 3, 1924. The suit was instituted on April 10, 1935; therefore, more than ten years had expired after the appellant became 21 years of age before suit was brought.

The pertinent statutes of limitation are found in sections 5810 and 5811 of the Code. Section 5810 provides in part that an action must be brought upon "any contract by writing under seal * * * within ten years * * *" after the same shall have first accrued.

We are particularly interested in the construction of section 5811, because it tells us when the right of action against a surety upon a guardian's bond accrues. It reads as follows:

"The right of action upon the bond of an executor, administrator, guardian, curator, or committee, or of a sheriff, or sergeant acting as such, shall be deemed to have first accrued as follows: upon a bond of a guardian or curator of a ward, from the time of the ward's attaining the age of twenty-one years, or from the termination of the guardian's or curator's office, whichever shall happen first; and upon the bond of any personal representative of a decedent or committee of an insane person, the right of action of a person obtaining execution against such representative or committee, or to whom payment or delivery of estate in the hands of such representative or committee, shall be ordered by a court acting upon his account, shall be deemed to have first accrued from the return day of such execution, or from the time of the right to require payment or delivery upon such order, whichever shall happen first; and as to any suit against such fiduciary himself, or his representative, which could have been maintained if he had given no bond, there shall be no other limitation than would exist if the preceding section was not passed; except, that where any such fiduciary has settled an account under the provisions of chapter two hundred and twenty-one, a suit to surcharge or falsify the same, or to hold such fiduciary or his sureties liable for any balance stated in such account to be in his hands, shall be brought within ten years after the account has been confirmed. The right to recover money paid under fraud or mistake shall be deemed to accrue, both at law and in equity, at the time such fraud or mistake is

discovered, or by the exercise of due diligence ought to have been discovered."

The appellant contends that her case is controlled by the exception in the latter part of the statute; that it definitely fixes the time of the accrual of her right of action as the time the guardian's account is confirmed by the court, and from that time she has ten years in which to bring her suit rather than ten years from the time she became 21 years of age.

The appellee contends that by the express language of the statute the right of action upon the bond of the guardian accrued at the time the appellant attained the age of 21.

It may be observed in passing, in regard to the contention of the appellant that the right of action does not accrue until the account of the guardian is confirmed by the court, that the record fails to show that the court has ever confirmed any such account. Therefore, if her position is correct, no right of action has as yet accrued to her.

We are in accord with the view of counsel for appellee that the right of action of the appellant accrued when she became 21 years of age and that the exception in the latter part of the section has no application to suits by wards upon the bonds of guardians and their sureties.

The only possible liability that could in any event accrue against the appellee surety company would necessarily have to arise by reason of the bond because only through it is there any privity of contract between the appellant and appellee. Therefore, this being a suit upon the bond, we are not interested in any other liability for which the guardian might otherwise be responsible and in so far as section 5811 is concerned we must be controlled by its express language: "The right of action upon the bond of * * * guardian * * * shall be deemed to have first accrued * * * from the time of the ward's attaining the age of twenty-one years."

What we have referred to as the exception contained in the latter part of the statute has no application here. It certainly was not the intent of the legislature that it should override the clear language just referred to.

We are not called upon now to say just what the exception

means. Neither its construction nor its application is before us. We are only concerned with the language of the first portion of the statute just quoted.

No Virginia case directly in point has been cited and we have found none. The case nearest in point is *Senseny's Adm'r v. Boyd's Adm'r*, 114 Va. 308, 76 S. E. 280. That case involved the construction of section 5811 as applied to a receiver and it was decided that the limitation began to run from the time the receiver's account had been confirmed.

It is at once apparent that there is a wide difference between cases of receivers and those of guardians and wards. The language of the statute makes the difference by the use of express language dealing with guardians and wards and expressly fixing the time when the ward's right of action accrues against the guardian, while no such express language is used in regard to receivers.

For those who may be interested in following this subject further, we refer them to the citations contained in the brief of counsel for appellee. They are: 4 Minor's Institutes, Part 1 (3d Ed. 1893), p. 610; 2 Barton's Law Practice (2d Ed. 1892), p. 1395; 1 Barton's Law Practice (2d Ed. 1891), p. 62; Barton's Chancery Practice (2d Ed. 1899), pp. 81, 82, and (3d Ed. 1926), pp. 44, 772; 13 Virginia Law Journal (1889), p. 154.

We are not interested in and do not decide what effect, if any, fraud might have upon a case like the one at bar, because fraud is not involved in this case.

It will not be necessary to discuss the numerous cases cited by the appellant. They refer to well-established principles but are not in point here.

The decree is affirmed.

*Affirmed.*